## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PROVIDENT SAVINGS BANK, F.S.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-151 RLW |
| | ) | |
| FOCUS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Focus Bank's Motion to Compel In Person Deposition of Gwendolyn Wertz in St. Louis (ECF No. 49). Plaintiff Provident Savings Bank F.S.B. ("Provident") filed a Response in Opposition (ECF No. 51) to the Motion to Compel and Focus filed a Reply in support (ECF No. 51). On October 14, 2020, the Court held a telephone hearing on the Motion to Compel and offered the parties three proposed options for resolution. The Court directed the parties to confer to reach agreement and report back. The Court stated it would decide the matter if the parties could not agree. The parties were unable to agree and filed separate memoranda setting forth their preferred resolutions of the Motion to Compel. (ECF Nos. 57, 58.) The Court now decides the Motion to Compel.

**Background**

Provident's Amended Complaint (ECF No. 25) states that its claims arise from Focus Bank's failure to timely return a forged check within the midnight deadline required by the Uniform Commercial Code and Regulation CC, 12 C.F.R. § 229.34(d)(1). (ECF No. 25 ¶¶ 14–29.) On April 29, 2019, Provident's customer, Charlene Baillie, deposited a check for $150,520 (the "Check") with Provident. (Id. ¶ 5.) The Check was made payable to Ms. Baillie

purportedly by Medlin Equipment Company ("Medlin"), a Focus Bank customer.  (Id. ¶ 6.) Provident presented the Check to Focus Bank the next day for payment.  (Id. ¶ 7.)  Twenty days later, Focus Bank returned the Check through the Federal Reserve to Provident.  (Id. ¶ 8.) Ultimately, Provident bore the loss of the $150,520. (Id. ¶¶ 11-13.)

Provident filed this action on November 3, 2019.  The Amended Complaint asserts claims for strict liability under § 400.4-302 of the Missouri Commercial Code (Count I); breach of warranty under 12 C.F.R. § 229.34(d)(1) (Regulation CC) (Count II); and common law negligence (Count III), premised on Focus Bank's breach of its "duty of ordinary care by returning the check 14 days after its midnight deadline and submitting its Response erroneously stating that it was authorized to return the Check to Provident Bank late."  (ECF No. 25, ¶ 27.)

**Focus Bank's Motion to Compel**

Focus Bank moves to compel the in-person Rule 30(b)(6) deposition of Provident's corporate representative and designated expert, Gwendolyn Wertz, in St. Louis.  It states that Provident initially agreed to produce Ms. Wertz in St. Louis but then cancelled the deposition and offered to produce Ms. Wertz for a video deposition instead.  Provident's reason for the cancellation is based on the COVID-19 pandemic:  Ms. Wertz's husband suffers from heart disease and is considered high-risk for severe illness related to COVID-19, his cardiologist strongly advised against Ms. Wertz or her husband traveling from California to Missouri,[1] and further advised that if Ms. Wertz were to travel to St. Louis she would need to quarantine from her husband for two weeks upon her return to California.  (See Wertz Decl., ECF No. 51-1.)  As Ms. Wertz is her husband's primary caregiver, she asserts that requiring her to travel to St. Louis for deposition would result in substantial stress and hardship for her family, and she would run

---

[1] Ms. Wertz at one point considered bringing her husband with her to Missouri, perhaps traveling by RV, to make an in-person deposition work. (Wertz Decl., ECF No. 51-1, ¶ 4.)

2

the risk of being unable to return to California for fourteen days if she were to experience any COVID-19 symptoms while in St. Louis.  (Id. ¶¶ 6-7.)

Focus Bank argues an in-person deposition of Ms. Wertz is required "so that counsel for Focus Bank can properly examine [her] using the original check at issue in this case and an original exemplar of Medlin check stock (both of which are located in St. Louis)." (ECF No. 49 at 2.)  Focus Bank explains, "Such physical examination is essential because a key component of Focus Bank's [presentment warranty] defenses to [Provident's] claims is that [Provident] failed to properly examine the original check for the presence of certain security features prior to accepting the check for deposit and sending it to Focus Bank." (Id.)  Focus Bank insists that a video deposition will not suffice and the only way for it to examine Ms. Wertz properly regarding the physical features of the original documents "is if she and counsel for Focus Bank are in the same room and able to both inspect, hold, and manipulate the original check and exemplar check stock during the deposition." (Id.)  Focus Bank also asserts the deposition should take place in St. Louis because Provident filed this action in Missouri and all counsel are located here.

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery.  See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.").  Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

> information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P. Rule 26(b) imposes a proportionality requirement on the scope of discovery. "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility" to be sure, but "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "The party who served the discovery must show why the information is important to the issues and the party opposing . . . must quantifiably explain the burden of providing the requested information." Vallejo v. Amgen, Inc., 903 F.3d 733, 740 (8th Cir. 2018) (quoted source omitted).

**Discussion**

Under the Federal Rules of Civil Procedure, the location of a deposition is first left to the party noticing the deposition, here Defendant Focus Bank. See Fed. R. Civ. P. 30(b)(1). Ordinarily, the proper location of a plaintiff's deposition is the forum where litigation is pending. See, e.g., Warren v. UPS Ground Freight, Inc., 2018 WL 6082955, at *2 (E.D. Mo. Nov. 21, 2018) (citing cases); see also 8A Wright & Miller, Federal Practice & Procedure § 2112 (3d ed. 2010) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). Under appropriate circumstances, however, this presumption may be overcome by a showing of good cause, including a sufficiently

demonstrated burden or hardship that may be financial, medical, or legal.  See Warren, 2018 WL 6082955, at *2; Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 588 (D. Minn. 1999); 8A Federal Practice and Procedure § 2112.

Here, the Court finds that Provident has established good cause to disregard the general presumption as to deposition location, based on hardship to its corporate designee Ms. Wertz arising from the COVID-19 pandemic, her husband's high risk of severe illness therefrom, and her status as his primary caregiver.  Although life and litigation go on during the pandemic, it cannot be disputed the risk of severe illness or death from the novel coronavirus that causes COVID-19 is much greater for some persons than others, even with careful attention to social distancing and hygiene precautions.[2]  Therefore, the Court will not require Ms. Wertz to travel to St. Louis for an in-person deposition.

That said, the Court finds Focus Bank has established that an in-person deposition of Ms. Wertz, with the opportunity for both the corporate designee and counsel to examine and handle the original documents at issue, is relevant and important for Focus Bank to attempt to establish its defenses to Provident's claims.  Further, the discovery requested is important in resolving the issues and may serve to permit the parties to reach an agreed resolution of this case.

Provident chose to file this action in Missouri.  As the Plaintiff, Provident has the burden of proof in this case and must produce a corporate representative for deposition in response to Focus Bank's notice of deposition under Rule 30(b)(6).  Plaintiff would normally be required to produce its corporate representative in Missouri but for the extraordinary circumstances

---

[2] See Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 21, 2020).  Current CDC advice is that adults of any age with heart conditions such as heart failure, coronary artery disease, or cardiomyopathies, and adults with Type 2 diabetes mellitus, are "at an increased risk of severe illness from the virus that causes COVID-19."  (Id.)

presented by the COVID-19 pandemic and its corporate representative's particular hardship created as a result.  See Warren, 2018 WL 6082955, at *2.  The Court also notes that Provident deemed "unacceptable" and requested the Court not to select one of its alternate proposals for resolution, that Provident name a new Rule 30(b)(6) corporate designee.  (ECF No. 57 at 2.)

Upon careful consideration, the Court will grant Focus Bank's Motion to Compel as follows:  Provident will produce its corporate representative Ms. Wertz for in-person deposition at its facility in California.  Provident will be ordered to pay the cost for one Focus Bank attorney and one client representative, or a second Focus Bank attorney or a paralegal in lieu of a client representative, to travel to California to take Ms. Wertz's deposition.  The deposition will take place in a large conference room in Provident's facility with an advanced air filtration system.  (See ECF No. 57 at 1.)   All persons present in the conference room for the deposition shall engage in safe practices including social distancing and the wearing of face masks.  The party with possession of the original checks and documents at issue shall bring these to the deposition.  The Court finds that conducting the deposition in California and requiring Provident to bear the cost is an appropriate way to balance and accommodate the parties' competing, firmly entrenched positions.

Focus Bank objects that if it is too dangerous for Ms. Wertz to travel to St. Louis, it is also too dangerous for Focus Bank's representatives to travel to California.  The Court cannot agree with this glib argument.  There is evidence in the record as to the high risk of travel for Provident's corporate representative due to the COVID-19 pandemic because of her husband's medical condition and her status as his primary caregiver; there is no such evidence as to Focus Bank's counsel or client representative.[3]   Focus asserts in a footnote, without evidentiary

---

[3]The Court notes that Focus Bank attaches little importance to the risks of travel during the pandemic in its Motion to Compel:

support, that "two of the likely options" for its corporate representative "are at higher risk for adverse health consequences as a result of COVID-19 because of age and physical condition." (ECF No. 58 at 3, n.6.)  Focus Bank's concerns can be assuaged by selecting a client representative to attend the deposition who is not at higher risk, or its client representative may elect to attend the deposition by video conference.

Provident's attorney Mr. Trelz states he will attend Ms. Wertz's deposition by video conference and not in person because he has Type 2 diabetes, which places him at high risk of severe illness if he were to contract COVID-19.  The Court accepts Mr. Trelz's representation as to his own medical condition without supporting evidence because it is specific, he is an officer of the Court, and the representation is made pursuant to Rule 11, Fed. R. Civ. P.  The Court will not require Mr. Trelz to attend the deposition of Provident's corporate designee in person, but it will require that Provident have an attorney physically present at the deposition.

Finally, with respect to travel costs, Provident shall reimburse Focus Bank for the cost of airfare, lodging, meals, and transportation to and from the airport and hotel, and to and from the hotel and deposition location, including appropriate tips, for up to two persons attending Ms. Wertz's deposition.  Provident's responsibility for reimbursement for each such item of cost shall

---

> The potential risks and inconvenience associated with traveling from California to St. Louis during the current pandemic (the sole reason Plaintiff now refuses to produce Ms. Wertz in St. Louis) are not a sufficient basis to deny Focus Bank an in-person deposition of Ms. Wertz in St. Louis.  There are no state or local laws or orders prohibiting an in-person deposition, the Court and the courthouse are open, and the Court is scheduling and handling in-person hearings and jury trials.  The Centers for Disease Control's ("CDC") travel guidance states that "[m]ost viruses and other germs do not spread easily on flights because of how air circulates and is filtered on airplanes" and all major airlines have adopted safety policies (e.g., face covering requirements) relating to COVID-19.

(ECF No. 49 at 2-3.)

not exceed the limits set forth in the United States General Services Administration's rules and regulations governing federal employee travel.[4]  As a condition of reimbursement, Focus Bank must provide Provident with a receipt in support of each item of cost.  Provident shall reimburse Focus Bank's costs within 30 days after it receives such receipts from Focus Bank.  The parties are advised the Court does not expect to see motions and disputes related to cost or reimbursement issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Focus Bank's Motion to Compel In Person Deposition of Gwendolyn Wertz in St. Louis (ECF No. 49) is **GRANTED** to the extent set forth in this Memorandum and Order and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff Provident Savings Bank, F.S.B. shall present its Rule 30(b)(6) corporate designee Gwendolyn Wertz for in-person deposition at its facility in California, at a time and date to be agreed upon by the parties, and shall pay the cost for up to two Focus Bank representatives to attend, as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that all persons present in the conference room for Ms. Wertz's deposition shall engage in safe practices including social distancing and the wearing of face masks.  The party with possession of the original checks and documents at issue shall bring these to the deposition.

**IT IS FURTHER ORDERED** that Plaintiff Provident Savings Bank, F.S.B. shall have one of its attorneys physically present at the Rule 30(b)(6) deposition.  Other attorneys and client representatives may attend the deposition by video conference.

---

[4]See U.S. General Services Administration, https://www.usa.gov/travel-for-federal-employees, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited Oct. 21, 2020).

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed scheduling plan for the remainder of this case by **November 2, 2020**, and may propose a new trial date if necessary. See ECF No. 54.

                                                                              *Ronnie L. White*
                                                                              **RONNIE L. WHITE**
                                                                              **UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of October, 2020.